UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS JOHN ORTIZ,

    Petitioner,

-vs-                                                    Case No. 8:16-cv-2609-T-27TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, a Florida inmate, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 9, 2016 (Dkt. 1). Before the Court is Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely (Dkt. 5), and Petitioner's response (Dkt. 8). Upon consideration, the Motion to Dismiss is GRANTED.[1]

### Procedural Background

Petitioner pleaded guilty in Hillsborough County, Florida, to two counts of robbery with a weapon in Case No. 07-cf-16401, and one count of robbery with a weapon and two counts of burglary of an unoccupied conveyance in Case No. 07-cf-20905 (Respondent's Exs. 1, 2). On August 8, 2008,

---

[1] Petitioner's contention that Respondent's motion to dismiss the petition as time-barred should be denied because the Rules Governing Habeas Corpus Cases Under Section 2254 do not contemplate such a motion (see Dkt. 8, pp. 1-2) is without merit. *See, e.g., White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989) (rules governing 2254 cases permit the filing of a motion to dismiss a habeas petition); *Blackshear v. McNeil*, 2008 U.S. Dist. LEXIS 20027, at *1 (N.D. Fla. Mar. 14, 2008) ("The answer [to the Section 2254 petition] shall be filed pursuant to Habeas Rule 5 and shall be styled as an answer rather than as a motion to dismiss or for summary judgment, unless it appears to Respondent that a motion to dismiss based on a procedural defect such as failure to exhaust or the statute of limitations is appropriate.") (citing *McBride v. Sharpe*, 25 F.3d 962, 970 (11th Cir. 1994)).

he was sentenced to concurrent terms of 30 years on the robbery convictions and 5 years on the burglary convictions, to run concurrently with each other and the robbery convictions (Id.).

On September 18, 2008, he filed a notice of appeal (Respondent's Ex. 3), which was dismissed as untimely (Respondent's Ex. 4). His November 19, 2008 Motion for Belated Appeal (Respondent's Ex. 5) was denied on April 1, 2009 (Respondent's Ex. 6; Dkt. 8, p. 4, ¶ 9).

On July 6, 2009, he filed a Motion to Correct Illegal Sentence (Respondent's Ex. 7), which was dismissed on July 22, 2009 (Respondent's Ex. 8). The dismissal was affirmed on January 20, 2010 (Respondent's Ex. 9), and the appellate Mandate issued on February 15, 2010 (Respondent's Ex. 10). On September 25, 2009, he filed a Motion for Post Conviction Relief Pursuant to Rule 3.850, Fla.R.Crim.P., in Case No. 07-cf-20905 (Respondent's Ex. 12). He filed a Rule 3.850 motion in Case No. 07-cf-16401 on March 26, 2010 (Respondent's Ex. 11). Both motions were denied on August 12, 2013 (see Dkt. 8, p. 5, ¶ 16). The denial of those motions was affirmed on September 9, 2015 (Respondent's Ex. 13), and the appellate Mandate issued on October 12, 2015 (Respondent's Ex. 14). Finally, he filed a second motion to correct illegal sentence (Dkt. 8, p. 6, ¶ 20), which was denied on January 11, 2016 (Id., ¶ 21). Petitioner did not appeal that denial (Id.).

## Discussion

Respondent moves to dismiss the petition as time-barred under 28 U.S.C. § 2244(d), arguing that more than one year passed after Petitioner's judgment became final.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Petitioner's convictions became final on September 8, 2008, when the time for filing a direct appeal expired. *See Armstrong v. State*, 148 So.3d 127 (Fla. 2d DCA 2014) (judgment final 30 days after its rendition, when the time to appeal expires). His September 18, 2008 notice of appeal did not toll the AEDPA limitations period because the appellate court dismissed it as untimely. *See Allen v. Siebert*, 552 U.S. 3, 7 (2007) (a petition rejected as untimely filed by the state courts is not a properly filed application for post conviction or other collateral review for purposes of 28 U.S.C. § 2244(d)(2) and does not toll the limitations period).

His motion for a belated appeal likewise did not toll the AEDPA limitations period because it was not an "application for State post-conviction or other collateral review" for purposes of § 2244(d)(2). *See Danny v. Sec'y, Fla. Dep't of Corr.*, 811 F.3d 1301, 1304 (11th Cir. 2016) (concluding that a petition for a belated direct appeal under Florida Rule of Appellate Procedure 9.141(c) does not toll the one-year statute of limitation for filing a federal habeas petition because it does not qualify as an "application for State. . .collateral review" under § 2244(d)(2)).

Therefore, three hundred and one (301) days of the AEDPA limitation period elapsed before it was tolled by Petitioner's July 6, 2009 Motion to Correct Illegal Sentence. The limitation period remained tolled until the time to appeal the denial of that motion expired on February 10, 2016, at which time the limitation period began to run, with sixty-four (64) days remaining. He therefore had until April

14, 2016, to file a timely federal habeas petition. He did not file his petition until September 9, 2016 (Dkt. 1). The petition is therefore untimely.[2]

Petitioner argues that his petition is not untimely because he timely filed his Rule 3.850 motions in state court, and therefore those motions were "'pending' in the period before they were timely filed." (Dkt. 8, pp. 9-10).[3] In other words, he argues that his Rule 3.850 motions were "pending" on "the date they could have been filed." This argument is without merit because a state motion for post-conviction review is not "pending" until it is filed and under consideration. *See Lawrence*, 549 U.S. at 332 ("Read naturally, the text of [28 U.S.C. § 2244(d)(2)] must mean that the statute of limitations is tolled *only while state courts review the application [for State post-conviction or other collateral review]*.") (emphasis added); *Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004) ("a state post-conviction application is 'pending' under § 2244(d)(2)...*when it actually is being considered* by the state habeas court....") (emphasis added); *Delguidice*, 351 Fed. Appx. at 428 ("The two-year period allowed for filing a Florida post-conviction motion does not expand the AEDPA's one-year statute of limitations period.") (citing *Tinker*, 255 F.3d at 1334-35).[4]

---

[2]Petitioner does not allege entitlement to equitable tolling of the limitation period, or actual innocence (see Dkt. 8). *See McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924 (2013) (actual innocence can overcome the statute of limitations in AEDPA); *Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[28 U.S.C.] § 2244(d) is subject to equitable tolling in appropriate cases.").

[3]"In Florida, a state prisoner may file a post-conviction motion challenging his conviction within two years from entry of a final judgment in a noncapital case." *Delguidice v. Fla. Dep't of Corr.*, 351 Fed. Appx. 425, 428 (11th Cir. 2009) (unpublished) (citing Fla.R.Crim.P. Rule 3.850(b)).

[4] *See also Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003) ("under section 2244(d)(2), the statute of limitations is tolled from the *filing* of an application for state post-conviction or other collateral relief...") (emphasis added); *Thompson v. Chandler*, 55 Fed. Appx. 758, 759 (6th Cir. 2003) (unpublished) ("A post-conviction action is neither "actually pending" nor "properly filed" *until it is actually filed*.") (emphasis added); *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999) (holding that "a state-court petition is 'pending' from the time *it is first filed* until finally disposed of and further appellate review is unavailable under the particular state's procedures.") (emphasis added); *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir.1999) (holding that "under § 2244(d)(2) the entire period of state

Petitioner's reliance on *Carey v. Saffold*, 536 U.S. 214 (2002) to support his position is misplaced. In *Carey*, the Supreme Court held that a habeas corpus petition is "pending" for purposes of § 2244(d)(2) during the time between the conclusion of a lower court habeas corpus proceeding and the timely commencement of a second habeas corpus petition in a higher court.[5] *Id.*, 536 U.S. at 223. The Supreme Court said nothing to suggest that a state post-conviction motion is "pending" before it is filed.

## Conclusion

Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Dkt. 1) is **DISMISSED** as time-barred. The **Clerk** is directed to enter judgment against Petitioner and close this case.

## Certificate of Appealability

A certificate of appealability (COA) will issue only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

---

post-conviction proceedings, *from initial filing* to final disposition by the highest state court...is tolled....") (emphasis added); *Brock v. Kelly*, 2007 U.S. Dist. LEXIS 101289, at *3 (N.D. Miss. Aug. 30, 2007) (AEDPA one-year limitation period "is not stayed during the time that a state post-conviction review *can be but is not actually filed.*") (emphasis added); *Gaspard v. Cockrell*, 2001 U.S. Dist. LEXIS 23173, at *16 (N.D. Tex. Oct. 9, 2001) ("the AEDPA's statute of limitations is only tolled when a petition for state review *is actually filed.*") (emphasis added). *See also Tinker v. Moore*, 255 F.3d 1331, 1334-35 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) (even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner *must file* the motion within one year after his conviction becomes final in order to toll the AEDPA one-year limitation period) (emphasis added).

[5] *Carey v. Saffold* involved "California's unique state collateral review system -- a system that does not involve a notice of appeal, but rather the filing (within a reasonable time) of a further original state habeas petition in a higher court[.]" *Id.*, 536 U.S. at 217.

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time-barred is procedural). Petitioner cannot make that showing. And since he is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida on MARCH 23, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record